UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD JENKINS | CIVIL ACTION |
| VERSUS | NO: 23-6473 |
| SCF MARINE, INC. ET AL | SECTION: "A" (1) |

## ORDER AND REASONS

Before the Court is a ***Daubert* Motion to Exclude Opinions of Dr. Raymond Singer (R. Doc. 79)** filed by Defendant, SCF Waxler Marine LLC.[1] Plaintiff Donald Jenkins opposes the motion. For the following reasons, the Court **DENIES** the motion to exclude.

The purpose of *Daubert* is to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Eagle Lake Estates, L.L.C. v. Cabot Oil & Gas Corp.*, No. 4-169, 2005 WL 3541056, *1 (E.D. La. 2005) (Barbier, J.) (quoting *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)).

Given that this case is a bench trial, and thus that the objectives of *Daubert*, upon which this motion is premised, are no longer implicated, the Court finds that the motion in limine to exclude expert testimony should be denied at this time.

---

[1] Defendant, SFC Waxler, has also filed Motion for Partial Summary Judgment (R. Doc. 73); and a Motion for Summary Judgment Based on Lack of Proof of Causation (R. Doc. 80). The Court will address those motions in a separate Order and Reasons.

Following the introduction of the alleged expert testimony at trial, the Court will either exclude it at that point or give it whatever weight it deserves.

Accordingly;

**IT IS ORDERED** that **SCF Waxler Marine LLC's** *Daubert* **Motion to Exclude Opinions of Dr. Raymond Singer (R. Doc. 79)** is **DENIED**.

July 16, 2026

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

2